## No. 4525.

### ROSENA MICHEL *v.* BENJAMIN WIEL.

Where the defendant objected to the refusal of the judge *a quo* to charge the jury that actions for divorce are governed exclusively by section 1192, Revised Statutes;

Held—That the judge committed no error, and the action is instituted under article 138 C. C., amended by act No. 76, Statutes of 1870.

Where plaintiff was authorized to institute the suit, it followed that she was empowered to take a writ of sequestration or such other conservatory steps as were necessary to secure her rights.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Butler,* J. *Edward Phillips* and *John Yoist,* for plaintiff and appellant. *Haralson & Claiborne,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Morgan. Howell.

MORGAN, J. Defendant objected to the refusal of the judge to charge the jury that actions for divorce are governed exclusively by section 1192, Revised Statutes. The action is instituted under article 138 C. C., amended by article No. 76 Statutes 1870. Upon this point there was no error in the charge of the court.

He further objected to the introduction of any testimony which would tend to show any intemperate habits on the part of the defendant prior to the fifteenth March, 1871, on the ground that plaintiff's

petition discloses the fact that on or about said fifteenth March, there was what he called a condonation by the wife of all the past offenses of the husband.

We find nothing in the petition upon which such an allegation can rest. There was, therefore, no error in the ruling of the judge on this point.

The parties were married on the twelfth December 1870. This suit, for divorce, was instituted on the fifteenth of May, 1871, on the ground of excesses, cruel treatment, and habitual drunkenness on the part of the husband  Plaintiff also claims restitution of her dotal property and judgment against her husband for $6650, to secure which she applied for and obtained, a suit of sequestration upon the movables alleged to be in her husband's possession, the most of which were brought into marriage, which sequestration was subsequently set aside on the ground that the judge had not been authorized to sign the sequestration bond by the judge.

The defendant denies the allegations in the petition, but, in case the divorce prayed for is granted, he asks for a judgment for twenty-five hundred dollars, amount of goods alleged to have been brought by him into the marriage, or so much thereof as may be found due him on settlement of their respective rights.

The case was submitted to a jury, who found the following verdict: "We, the jury, find for the plaintiff in the divorce, but for the defendant on the moneyed demand." Upon which the judge rendered judgment in favor of the plaintiff, granting to her the divorce prayed for, and restoring to her possession certain property which she claimed, and gave a judgment in favor of defendant for twenty-five hundred dollars. The plaintiff has appealed.

There is no evidence in the record upon which to support the verdict and judgment condemning plaintiff to pay defendant any sum of money.

The marriage took place under the dotal system. By the marriage contract entered into between them the husband was recognized to have brought into the marriage property amounting to $4410, consisting of goods valued at $2000; accounts against various parties valued at $2000; two hundred dollars in cash; two carts valued at one hundred and fifty dollars, and a watch valued at sixty dollars.

The wife brought $14,907, all of which were movables, and all of which the future husband acknowledged possession of in the marriage contract which was executed on the twelfth December, 1870, and recorde l on the same day. There is no evidence that any portion of this property, except three notes amounting to $5529, ever went out of his possession, or from under his control, except that plaintiff seems to have managed the business which was carried on in his name—which

14

he could have assumed at any moment. There is no evidence that plaintiff owes to the defendant anything.

There was error in the judgment dissolving the sequestration. If plaintiff was authorized to institute the suit, which is not denied, she was empowered to take such conservatory steps as were necessary to secure her rights.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court in so far as it awards a judgment against the plaintiff for twenty-five hundred dollars be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the judgment in favor of the plaintiff and against the defendant for the sum of six thousand six hundred and fifty dollars, and that the sequestration of the mov‑ables of the defendant be reinstated. It is further ordered, adjudged and decreed, that in all other respects the judgment of the lower court be affirmed, appellee to pay the costs.

The words: Jury trial, omitted by error in the appeal paragraph above.